UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

|  |  |
|---|---|
| NANCY WOLCHICK ) <br> 12030 Susan Lane ) <br> Lusby, MD 20657, ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> BEACH BOYS PIZZA ) <br> MANAGEMENT, LLC ) <br> 8191 Jennifer Lane ) <br> Owings, MD 20736, ) <br>   ) <br> Defendant. ) <br>   ) <br> SERVE:   Jerome G. Geraghty ) <br>     20 S. Charles Street ) <br>     Suite 1200 ) <br>     Baltimore, MD 21201 ) | Civil Action No.: <br><br> JURY TRIAL DEMANDED |

COMPLAINT

Plaintiff, Nancy Wolchick, by counsel, complains of the Defendant as follows:

VENUE AND JURISDICTION

1. This action is brought pursuant to the Age Discrimination in Employment Act, as amended, ("ADEA"), 29 U.S.C. § 621, *et seq*.

2. Venue is proper because Plaintiff was formerly employed by Defendant in this judicial district.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. Plaintiff has exhausted her administrative remedies by filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission and has filed this complaint

1

within 90 days after receipt of a notice of right to sue.

## PARTIES

4. Plaintiff Nancy Wolchick resides at 12030 Susan Lane, Lusby, Maryland, 20657.

5. On information and belief, Defendant Beach Boys Pizza Management, LLC is a corporation that employed Plaintiff at its business located at 13226 H.G. Trueman Boulevard, Solomons, Maryland, 20688.

## FACTS

6. Plaintiff is 67-years old and her date of birth is July 25, 1946.

7. In or around July 2000, Defendant's owner, Gerald Donavon, hired Plaintiff as the General Manager for its Papa Johns Pizza store located in Solomons, Maryland.

8. During the relevant time period, Plaintiff's supervisor was the General Manager, Ray Sears.

9. Plaintiff's job performance was always satisfactory. She received numerous awards during her employment such as Employee of the Month and Outstanding Manager of the Month several times.

10. In or around 2005, Defendant promoted Plaintiff to Area Supervisor.

11. Plaintiff assisted in opening nine additional stores and trained every general manager for each of these stores, including John Kreuter (early 30's).

12. In July 2011, Plaintiff turned 65-years old. Mr. Sears approached Plaintiff and asked her when she planned to retire. Plaintiff responded that she intended to work for two additional years.

13. Mr. Sears became upset with Plaintiff's response and advised her that she was causing their insurance costs to go up.

14. During Plaintiff's employment, Mr. Sears made derogatory comments to her in reference to her age by calling her names such as "old bitch," "the dinosaur," and "old broad."

15. Plaintiff was responsible for seven stores until Mr. Sears removed three stores from Plaintiff and gave them to Mr. Kreuter.

16. In or around September 2011, Defendant fired Plaintiff.  Defendant's stated reason for terminating Plaintiff's employment was poor job performance regarding profitability of her stores.

17. This reason was false and pretext to mask unlawful age discrimination.  Most stores were not profitable during this time due to decreased pizza prices and Plaintiff's alleged decline in profitability was also cause by Defendant removing three stores from her and giving them to Mr. Kreuter.

18. On information and belief, Chris Swift, a substantially younger employee, operated two stores that were closed due to unprofitability but he was not fired.

19. Plaintiff was the oldest employee working for Defendant.

20. On information and belief, Plaintiff was replaced by Mr. Kreuter, a substantially younger employee whom Plaintiff trained.

21. Defendant discharged Plaintiff from employment because of her age.

22. Plaintiff has suffered, and continues to suffer, pain and injury, mental anguish, lost pay, lost benefits, and emotional distress as a result of the unlawful conduct of the Defendant.

23. Defendant acted in bad faith, in reckless disregard of Plaintiff's civil rights, and with malice.

## COUNT 1

24. Plaintiff repeats and realleges paragraphs 1-23 as if fully set forth herein.

25. By and through its conduct, Defendant violated the ADEA by discharging Plaintiff from her employment because of her age.

## COUNT 2

26. Plaintiff repeats and realleges paragraphs 1-25 as if fully set forth herein.

27. By and through its conduct, Defendant violated Md. State Government Code Ann § 20-606(a) by discharging Plaintiff from her employment because of her age.

## JURY DEMAND

WHEREFORE, Plaintiff demands judgment against Defendant on Count 1 in the amount of $300,000 or such other amount as is determined by a jury, consisting of damages for lost wages and benefits, front pay, liquidated damages, interest, costs, the amount of tax on any award, reasonable attorneys' fees, and such other relief as is just and proper.

WHEREFORE, Plaintiff demands judgment against Defendant on Count 2 in the amount of $300,000 or such other amount as is determined by a jury, compensatory damages for pain and suffering, emotional distress, mental anguish, lost wages and benefits, front pay, liquidated damages, interest, costs, the amount of tax on any award, reasonable attorneys' fees, and such other relief as is just and proper.

Date:  October 21, 2013                                          Respectfully Submitted,

___/s/_____
Alan Lescht (12928)
Susan Kruger (15313)
Rani Rolston (17402)
Constance Travanty (18428)
Alan Lescht & Associates, PC
1050 17th Street, NW, Suite 400
Washington, DC 20036
T: 202.463.6036
F: 202.463.6067
Attorneys for Plaintiff